UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMANTHA HORWITZ and
JESSICA RUEKBERG, on behalf of
themselves and others similarly situated,

        Plaintiffs,

v.                                                 Case No.  8:10-cv-2068-T-24-AEP

13 CAFÉ & LOUNGE, INC., PAUL
SCAGNELLI, and DLN, LLC,

        Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant Paul Scagnelli's Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 10). Plaintiffs oppose this Motion. (Doc. No. 11).

**I.    Background**

On September 17, 2010, Plaintiffs Samantha Horwitz and Jessica Ruekberg filed a Complaint against Defendants 13 Café & Lounge, Inc., Paul Scagnelli, and DLN, LLC, alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA").[1] (Doc. No. 1). Plaintiffs allege that Defendants were their employers, that Defendants were an "enterprise" for the purposes of the FLSA, that Defendant Scagnelli owned and had operational control over Defendant 13 Café & Lounge during the time period relevant to this case, that Plaintiffs worked over forty hours per week without receiving appropriate overtime

---

[1] The Complaint was also filed on behalf of "others similarly situated." To date, however, no additional plaintiffs have joined the suit.

compensation, that Plaintiffs were not "exempt" from the overtime provisions of the FLSA, and that Defendants' violations of the FLSA were willful. (Doc. No. 1).

Pursuant to 29 U.S.C. §216(b) of the FLSA, Plaintiffs seek to recover unpaid overtime compensation, liquidated damages, and attorney's fees and costs from Defendants for the alleged violations of the FLSA. Id. at ¶¶ 2, 18, & 22.

**II.    Discussion**

On November 11, 2010, Defendant Scagnelli filed the instant Motion to Dismiss arguing that Plaintiffs fail to state a claim upon which relief can be granted because the Complaint fails to meet the minimum pleading standards of Rule 8 of the Federal Rules of Civil Procedure. (Doc. No. 10). Defendant Scagnelli contends that "Plaintiffs' Complaint contains merely legal conclusions, a simple recitation of some of the elements of a claim for wages and/or overtime under the FLSA." Id. at 3. In support of this contention, Defendant Scagnelli argues that Plaintiffs fail to assert specific facts showing that (1) Defendants were an "enterprise" under the FLSA, (2) Plaintiffs were Defendant Scagnelli's former employees, and (3) Defendant Scagnelli had operational control of Defendant 13 Café & Lounge.

When considering a motion to dismiss for failure to state a claim, a court must accept the allegations in the complaint as true, construing them in a light most favorable to the plaintiff." See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which

it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). For an alleged FLSA violation, as in the instant case, these pleading requirements are simple and straightforward. See Sec. of Labor v. Labbe, 319 Fed. Appx. 761, 763 (11th Cir. 2008).

Upon review of Defendant Scagnelli's Motion to Dismiss and the Complaint, the Court finds that Plaintiffs' allegations contained in the Complaint are sufficient to state a claim upon which relief can be granted. Plaintiffs' allegations, combined with the straightforward nature of an FLSA claim, are sufficient to give fair notice to Defendants of the nature of the claim and the grounds upon which it rests. At this stage in the proceeding, no more is required.[2]

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Paul Scagnelli's Motion to Dismiss is DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of December, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[2] If Defendant Scagnelli wishes to challenge the veracity of Plaintiffs' factual allegations before trial, he can file a motion for summary judgment.

3